**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

CALTEX PLASTICS, INC., a
California corporation,
          *Plaintiff-Appellant*,

v.

LOCKHEED MARTIN
CORPORATION, a California
corporation,
          *Defendant-Appellee.*

No. 14-55768

D.C. No.
2:14-cv-00544-PA-E

OPINION

Appeal from the United States District Court
for the Central District of California
Percy Anderson, District Judge, Presiding

Argued and Submitted April 7, 2016
Pasadena, California

Filed June 8, 2016

Before: JEROME FARRIS, DAVID BRYAN
SENTELLE,* and MILAN D. SMITH, JR., Circuit Judges.

Opinion by Judge Milan D. Smith, Jr.

---

* The Honorable David Bryan Sentelle, Senior Circuit Judge for the U.S. Court of Appeals for the District of Columbia Circuit, sitting by designation.

## SUMMARY[**]

### Government Contracts

The panel affirmed the district court's dismissal for failure to state a claim of a complaint brought by Caltex Plastics, Inc. alleging breach of contract and unfair competition against Lockheed Martin Corporation, arising from contracts between Lockheed and the federal government.

Caltex alleged it was the intended third-party beneficiary of the contracts between Lockheed and the federal government which required Lockheed to use certain materials that only Caltex was authorized to supply.

The panel held that the issue of whether Caltex may sue Lockheed based upon Lockheed's contracts with the federal government is governed by federal common law, rather than state law, because the uniquely federal interest in the liability of defense contractors to third parties is sufficiently dominant to demand a uniform, federal rule.

The panel held that Caltex did not sufficiently allege that it is an intended third-party beneficiary of the contracts between Lockheed and the federal government. The panel held that the terms of the contract that Caltex pled did not plausibly suggest an entitlement to relief, and its allegations were insufficient to state a claim.

---

[**] This summary constitutes no part of the opinion of the court. It has been prepared by court staff for the convenience of the reader.

Finally, the panel held that Caltex failed to state a plausible unlawful- or unfair-competition claim.

## COUNSEL

Fred A. Fenster (argued) and Caroline S. Heindel, Greenberg Glusker Fields Claman & Machtinger LLP, Los Angeles, California, for Plaintiff-Appellant.

Fred A. Rowley, Jr., (argued), Jeffrey Y. Wu, and Nathan Rehn, Munger, Tolles & Olson LLP, Los Angeles, California; Charles A. Bird and Matt Carter, McKenna Long & Aldridge LLP, San Diego, California, for Defendant-Appellee.

## OPINION

M. SMITH, Circuit Judge:

Caltex Plastics, Inc., (Caltex) brought claims for breach of contract and unfair competition against Lockheed Martin Corp. (Lockheed). Caltex argues that some contracts between Lockheed and the United States government require Lockheed to use certain materials that only Caltex is authorized to supply, and that Caltex is therefore the intended third-party beneficiary of those contracts. Caltex also claims that Lockheed's failure to use such materials is an unfair or unlawful business practice under California law. The district court dismissed Caltex's complaint for failure to state a claim. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

**FACTS AND PRIOR PROCEEDINGS**

According to Caltex's complaint, the United States government contracts with Lockheed to supply certain goods and services for the armed forces. These contracts require Lockheed to use a particular type of packaging material, designated MIL-PRF-81705E, that only Caltex is authorized to supply. Moreover, the Department of the Navy has issued a public advisory warning the departments of the armed forces against using non-qualified packaging. Caltex alleges that Lockheed does not use MIL-PRF-81705E packaging, notwithstanding its contractual obligations to the government.

Caltex claims that because of Lockheed's breach of its contracts with the government, Caltex has suffered $5,000,000 in damages. Caltex contends that it is entitled to sue for and recover those damages because it is an intended third-party beneficiary of those contracts. Caltex also contends that Lockheed's failure to use the contracted-for materials is an unfair or unlawful business practice pursuant to California Business & Professions Code § 17200.

The district court dismissed Caltex's complaint for failure to state a claim. This appeal followed.

**DISCUSSION**

A complaint may be dismissed for failure to state a claim only when it fails to state a cognizable legal theory or fails to allege sufficient factual support for its legal theories. *Shroyer v. New Cingular Wireless Servs., Inc.*, 622 F.3d 1035, 1041 (9th Cir. 2010). We must accept all well-pleaded material facts as true and draw all reasonable inferences in favor of the plaintiff. *Wilson v. Hewlett-Packard Co.*, 668 F.3d 1136,

1140 (9th Cir. 2012). However, the complaint "must [provide] sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively." *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011). Furthermore, the underlying factual allegations must "plausibly suggest an entitlement to relief." *Id.*

## I.   Interpretation of Federal Defense Contracts

Although contract law is usually a matter of state law, a contract entered into pursuant to federal law must sometimes be interpreted using federal law. *See Smith v. Cent. Ariz. Water Conservation Dist.*, 418 F.3d 1028, 1034 (9th Cir. 2005); *see also Miree v. DeKalb Cty.*, 433 U.S. 25, 28 (1977). Federal law—including, where necessary, federal common law—governs questions of contract interpretation where (1) a "uniquely federal interest[]" is involved, and (2) "a significant conflict exists between [that interest] and the operation of state law." *Boyle v. United Techs. Corp.*, 487 U.S. 500, 504, 507 (1988) (quotation marks and alteration omitted). Under this framework, for example, federal law "exclusively" governs interpretive questions concerning the "obligations to and rights of the United States under its contracts." *Id.* at 504.

Of relevance here, "the liability of independent contractors performing work for the Federal Government . . . is an area of uniquely federal interest." *Id.* at 505 n.1. For preemption to occur, however, there must additionally be some conflict between state law and the federal interest. *Id.* at 507. In *Miree*, for instance, the Supreme Court concluded that even though the operations of the Federal Aviation Administration were "undoubtedly [a federal interest] of considerable magnitude," that interest was not threatened by the

application of state law to the narrow issue of whether a third-party beneficiary under an FAA land-grant contract could sue for its violation. 433 U.S. at 30. The Court did, however, carefully reserve the question whether federal law applied to the interpretation of the substantive rights and duties imposed by the contract. *Id.* at 31.

Occasionally, a "federal interest [is] so dominant as to preclude enforcement of state laws on the same subject." *Sherwood Partners, Inc. v. Lycos, Inc.*, 394 F.3d 1198, 1201 (9th Cir. 2005) (quotation marks omitted). In such matters, the need for a uniform federal rule can "suppl[y] the requisite 'conflict' for federal preemption." *New SD, Inc. v. Rockwell Int'l Corp.*, 79 F.3d 953, 955 (9th Cir. 1996) (citing *Boyle*, 487 U.S. at 508); *see Miree*, 433 U.S. at 29. For example, we have held that "[c]ontracts implementing federally-funded water reclamation projects" are such a subject, *Smith*, 418 F.3d at 1034, as are questions concerning "resolution of the affairs of failed banks." *GECCMC 2005-C1 Plummer St. Office Ltd. P'ship v. JPMorgan Chase Bank, Nat'l Ass'n*, 671 F.3d 1027, 1032 (9th Cir. 2012). Of special importance in this case, so are "government contract matters having to do with national security." *New SD*, 79 F.3d at 955; *see also Sherwood Partners*, 394 F.3d at 1201. In such cases, even the question whether a third-party beneficiary may sue under the contract—the same issue for which state law was held to govern in *Miree*—is governed by federal common law. *See JP Morgan*, 671 F.3d at 1032–33; *Smith*, 418 F.3d at 1034.

The contracts at issue here undisputedly deal with national security. They concern, *inter alia*, the "design, manufacture, and support" of "military aircraft," "missiles and guided weapons," "missile defense products," "naval systems," and "unmanned [weapons] systems." *Cf. New SD*,

79 F.3d at 954 (describing the contract at issue, which concerned the production of a "navigational component" for a "space-based anti-ballistic missile"). If, under such contracts, the liability of defense contractors to third parties were to vary on a state-by-state basis, the resultant uncertainty would doubtless raise "the cost of national security." *New SD*, 79 F.3d at 955. The uniquely federal interest in the liability of defense contractors to third parties is sufficiently dominant to demand a uniform, federal rule. Thus, whether Caltex may sue Lockheed based upon Lockheed's contracts with the federal government is governed by federal common law.

## II. Third-Party Beneficiary Claim

A third party that wishes to sue under a government contract must demonstrate that it is an intended beneficiary of the contract, rather than merely an incidental one. *JP Morgan*, 671 F.3d at 1033. This is "a comparatively difficult task": a party that benefits from a government contract is presumed to be an incidental beneficiary, and that presumption may not be overcome without showing "a clear intent to the contrary." *Cty. of Santa Clara v. Astra USA, Inc.*, 588 F.3d 1237, 1244 (9th Cir. 2009) (quotation marks and emphasis omitted), *rev'd on other grounds by Astra USA, Inc. v. Santa Clara Cty.*, 563 U.S. 110 (2011). The clear-intent hurdle is a high bar: "even a showing that the contract operates to the third parties' benefit and was entered into with them in mind" may not suffice. *Id.* (quotation marks and alteration omitted). Instead, a putative third-party beneficiary must demonstrate an intent on the part of the contracting parties to "grant [it] *enforceable rights*." *Orff v. United States*, 358 F.3d 1137, 1147 (9th Cir. 2004) (emphasis added).

Applying these principles here, it is clear that Caltex has not sufficiently alleged that it is an intended third-party beneficiary of the contracts between Lockheed and the federal government. Caltex alleges that (a) Lockheed is required to use "Mil-Spec" materials, including MIL-PRF-81705E packaging; (b) Caltex is the only manufacturer approved by the Navy to supply such packaging; (c) its roll stock and bags made from MIL-PRF-81705E are the only such items on a "Qualified Products List" maintained by the Department of Defense; and (d) the Navy has warned the departments of the armed forces against using non-qualified packaging. Caltex also asserts in conclusory fashion that it "is the fully intended third party beneficiary [of Lockheed's defense contracts] since it is the sole manufacturer that has been authorized and approved to manufacture MIL-PRF-81705E material."

These allegations do not expressly state, nor even suggest, that Lockheed or the federal government intended to grant Caltex enforceable rights under their contracts. They also do not suggest that either party had Caltex in mind when drafting their contracts. Under Caltex's own allegations, the contracts at issue refer to Caltex only obliquely, by requiring the use of MIL-PRF-81705E. Caltex has alleged, at most, that by virtue of being the exclusive supplier of the allegedly contracted-for material, it ought to benefit from Lockheed's contracts with the government. That is the archetype of an incidental benefit. Under federal common law, an incidental third-party beneficiary of a contract has no enforceable rights under that contract. *See Orff*, 358 F.3d at 1147.

Caltex argues that the district court erred because it did not have the terms of the contract before it, and therefore could not have examined the language of the contracts to determine whether Caltex was an intended third-party

beneficiary. This argument is without merit. Caltex, not Lockheed, bears the burden of sufficiently alleging that the parties intended to grant it enforceable rights. *See Santa Clara*, 588 F.3d at 1244. Caltex protests that it cannot obtain the contracts without discovery, and that it cannot undertake discovery if its claim is dismissed. While that may be true in part, a litigant in Caltex's position can plead, upon information and belief, the *content* of the terms purportedly giving it enforceable rights. In fact, Caltex tried to do just that. Unfortunately for Caltex, the terms it pled do not plausibly suggest an entitlement to relief. Its allegations are therefore insufficient to state a claim.

## III.    Unfair Competition Claim

California Business and Professions Code § 17200 prohibits "unlawful, unfair or fraudulent business act[s] or practice[s]." Caltex asserts that Lockheed's alleged breaches of contract are both unlawful and unfair behavior. Caltex's claims fail for two reasons. First, Caltex is prohibited from "bootstrap[ping]" an unfair-competition claim using a failed breach-of-contract claim, because "[p]ermitting such recovery would completely destroy the principle that a third party cannot sue on a contract to which he or she is merely an incidental beneficiary." *Berryman v. Merit Prop. Mgmt., Inc.*, 62 Cal. Rptr. 3d 177, 185 (Cal. Ct. App. 2007). Second, to the extent Caltex alleges a violation of 18 U.S.C. § 2156 as the predicate "unlawful" act, it has not alleged facts to support an inference that Lockheed acted with "intent to injure, interfere with, or obstruct the national defense of the United States." § 2156. Thus, Caltex has failed to state a plausible unlawful- or unfair-competition claim.

The decision of the district court is

**AFFIRMED.**