**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

<table>
<tr>
<td>
DELILAH COLEMAN, Individually and as guardian ad litem of A.C. a minor; A. C., a minor,

           Plaintiffs-Appellants,

v.

LAS VEGAS METROPOLITAN POLICE DEPARTMENT; AMMON PEACOCK,

           Defendants-Appellees.
</td>
<td>
No.   21-16269

D.C. No.
2:20-cv-01511-JCM-EJY

MEMORANDUM<sup>*</sup>
</td>
</tr>
</table>

Appeal from the United States District Court
for the District of Nevada
James C. Mahan, District Judge, Presiding

Submitted August 9, 2022<sup>**</sup>
San Francisco, California

Before: RAWLINSON, BADE, and BRESS, Circuit Judges.

---

       <sup>*</sup>     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

       <sup>**</sup>    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Plaintiffs Delilah Coleman and A.C., a minor (together, Plaintiffs), appeal the district court's decision granting the Las Vegas Metropolitan Police Department's (LVMPD) and Officer Ammon Peacock's (Officer Peacock) (together, Defendants) partial motion to dismiss Plaintiffs' complaint under Rule 12(b)(6) of the Federal Rules of Civil Procedure.[1]  We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

**1.** We review de novo a district court's order granting a motion to dismiss under Rule 12(b)(6).  *See Knievel v. ESPN*, 393 F.3d 1068, 1070, 1072 (9th Cir. 2005).  On a motion to dismiss, "we accept all factual allegations in the complaint as true and construe the pleadings in the light most favorable to the nonmoving party."  *Id.* at 1072 (citation omitted).  "We do not, however, necessarily assume the truth of legal conclusions merely because they are cast in the form of factual allegations."  *Western Mining Council v. Watt*, 643 F.2d 618, 624 (9th Cir. 1981) (citations omitted).  It is proper to grant a motion to dismiss if the complaint either: (1) fails to allege a cognizable legal theory; or (2) fails to allege sufficient facts to

---

[1] The district court "DISMISSED with prejudice" the two federal claims that were at issue in the Defendants' motion for partial dismissal.  The district court declined to exercise supplemental jurisdiction over the remaining three state law claims, and remanded the case to state court.  The district court entered an order "clos[ing] this case" on July 6, 2021, and the judgment became final on December 3, 2021.  *See* Fed. R. App. P. 4(a)(2), (a)(7)(A)(ii).  The district court's order constitutes an appealable final judgment.

2

support a cognizable legal theory. *See Caltex Plastics, Inc. v. Lockheed Martin Corp.*, 824 F.3d 1156, 1159 (9th Cir. 2016). We review a district court's denial of leave to amend for an abuse of discretion. *See United States v. United Healthcare Ins.*, 848 F.3d 1161, 1172 (9th Cir. 2016), *as amended*.

**2.** The district court properly determined that Plaintiffs did not allege sufficient facts to support a plausible substantive due process claim against Officer Peacock, because Plaintiffs did not allege sufficient specific facts that Officer Peacock acted with an "intent to harm" Plaintiffs. *Bingue v. Prunchak*, 512 F.3d 1169, 1170-71 (9th Cir. 2008). In the context of a high-speed chase, for a plaintiff to state a plausible Fourteenth Amendment substantive due process claim, the plaintiff must sufficiently allege that the officer acted with "intent to harm." *County of Sacramento v. Lewis*, 523 U.S. 833, 854 (1998) (citation omitted). In *Bingue*, we held that "the *Lewis* standard of intent to harm applies to all high-speed police chases," and we declined to "draw a distinction between emergency and non-emergency situations involving high-speed chases aimed at apprehending a fleeing suspect." 512 F.3d at 1177 (citation and internal quotation marks omitted). Plaintiffs' failure to assert non-conclusory allegations regarding Officer Peacock's intent to harm is fatal to their 42 U.S.C. § 1983 substantive due process claim. *See id.*; *see also Western Mining*, 643 F.2d at 624. Plaintiffs' reliance on *Flores v. City*

3

*of South Bend*, 997 F.3d 725 (7th Cir. 2021), is inapposite because it is factually distinguishable and at odds with our precedent. *See id*. at 729 (applying a deliberate indifference standard rather than an intent-to-harm standard).

**3.** In their claim against the LVMPD under *Monell v. Department of Social Services*, 436 U.S. 658 (1978), Plaintiffs failed to sufficiently plead that they "possessed a constitutional right of which [they were] deprived," and so they cannot satisfy the first *Monell* requirement. *Van Ort v. Estate of Stanewich*, 92 F.3d 831, 835 (9th Cir. 1996). In any event, Plaintiffs have not proffered sufficient non-conclusory factual allegations to establish the other elements of a *Monell* claim. *See id*. ((2) "the municipality had a policy"; (3) "this policy 'amounts to deliberate indifference' to the plaintiff's constitutional right"; and (4) "the policy is the 'moving force behind the constitutional violation'") (citation and internal quotation marks omitted).

**4.** The district court did not abuse its discretion in denying leave to amend the complaint. "Futility of amendment can, by itself, justify the denial of a motion for leave to amend." *Bonin v. Calderon*, 59 F.3d 815, 845 (9th Cir. 1995). Plaintiffs have waived any challenge to the district court's denial of leave to amend because they failed to include any non-conclusory argument on this issue in their Opening Brief. *See Christian Legal Soc'y Chapter of Univ. of Cal. v. Wu*, 626

F.3d 483, 485 (9th Cir. 2010); *see also Montana Envt'l Info. Ctr. v. Stone-Manning*, 766 F.3d 1184, 1191 n.6 (9th Cir. 2014). In any event, the district court noted that "Plaintiffs have alleged all the facts that they plausibly can." Indeed, Plaintiffs suggest that it would be "impossible" to allege new facts at this stage of the case, and have not identified any additional facts they could plead to cure the defects in their complaint. *See Miller v. Yokohama Tire Corp.*, 358 F.3d 616, 622 (9th Cir. 2004).

**AFFIRMED.**